LEE OPTICAL ASSOCIATED COMPANIES PENSION PLAN & TRUST AND LEE OPTICAL ASSOCIATED COMPANIES PROFIT SHARING PLAN & TRUST, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee Optical Associated Cos. Pension Plan & Trust v. Commissioner
Docket No. 38295-86
United States Tax Court
T.C. Memo 1989-518; 1989 Tax Ct. Memo LEXIS 518; 58 T.C.M. (CCH) 213; T.C.M. (RIA) 89518; September 25, 1989
*518 Held: Petitioners' motions for reconsideration of our prior holding concerning adequacy of consideration for transferee liability purposes is denied. David A. Witts and Patricia M. Reed, for the petitioners. James R. Turton, for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: On May 10, 1989, petitioners filed their motion to vacate or revise our decision in respondent's favor dated April 13, 1989, and further moved that we reconsider the opinion, T.C. Memo. 1989-152, pursuant to which that decision was entered. In response to allegations made in those motions, respondent has conceded *519 that the profit-sharing plan is not liable as a transferee of the assets of Grayson Enterprises, Inc. (Grayson). Accordingly, petitioners' motion in this respect is granted, and the order entered pursuant to this opinion shall reflect that concession. In all other respects, petitioners' motions are denied in accordance with this opinion. The facts as found in T.C. Memo. 1989-152 are incorporated by this reference. All further references in this opinion to petitioner are to the pension plan only. In its motions, petitioner argues "that the Court cannot reject [petitioner's] argument that [it] had a creditor's claim superior to a shareholder's claim without deciding the 'alter-ego' or 'single-entity' issue. * * * [Petitioner] should be given the opportunity to show the Court that [it] had a creditor claim against Grayson's assets that was satisfied in accordance with the requirements of the Texas Business Corporation Act." This argument is in response to our holding that we need not consider whether Lee Optical, Inc. (Lee Optical) was Grayson's alter ego since the distribution was made to petitioner in its capacity as a shareholder not a creditor. In our *520 prior opinion we found as a fact, and petitioner does not deny, that upon Grayson's liquidation its assets were distributed equally to its three shareholders, Theodore Shanbaum (Shanbaum), Ellis Carp (Carp) and petitioner. In support of its claim that it received those assets in satisfaction of Lee Optical's debt, petitioner argues that Grayson was the alter ego of Lee Optical, which was indebted to petitioner at the time of Grayson's liquidation. Petitioner cites section 6.04 of the Texas Business Corporation Act which requires a dissolving corporation to pay the claims of its creditors before making distributions to shareholders. Petitioner argues that "it follows that if [petitioner] can show that it had a creditor's claim against Grayson's assets, the transfer, to the extent of the claim, must be treated as a transfer to the plan in its capacity as a creditor, rather than as a shareholder." We disagree. Petitioner's argument with respect to section 6.04 assumes that the statute was complied with. However, the fact that a corporation's debts are required to be paid upon its liquidation does not mean that they are actually paid. As we found in our prior opinion, equal distributions *521 were made to all three of Grayson's shareholders. However, and assuming arguendo that Grayson and Lee Optical were alter egos, the satisfaction by Grayson of Lee Optical's debt would give rise to an entirely different distribution scheme. Upon Grayson's liquidation, a total of $ 7,642,193.76 in cash and property was available for distribution. Had the purported debt of $ 2,437,244.27 been paid to petitioner from these assets, there would have been $ 5,204,949.49 ($ 1,734,983.16 each) remaining to be distributed to the three shareholders in their capacity as such. Therefore, a proper distribution scheme, taking into account the debt purportedly owed to petitioner, would have allocated $ 4,172,227.43 to petitioner, and $ 1,734,983.16 each to Shanbaum and Carp. Section 6901 [1] is a procedural tool by which respondent may enforce rights granted under state law, in this case section 24.03 of the Texas Business and Commercial Law Code Ann. (Vernon 1968), quoted in our prior opinion. Those same rights were available to petitioner, and in an appropriate action a court of equity could very well find that Shanbaum and Carp are liable as transferees to petitioner for the difference between *522 the amount to which they were entitled and the amount that they actually received. However, we are not such a court, and this action is an inappropriate vehicle for petitioner to seek some sort of collateral relief for its failure to enforce any such debt. The simple fact remains that petitioner was a one-third shareholder and received a one-third distribution of all Grayson's assets. If there can ever be a case where some shareholders receive pro-rata distributions as shareholders while others receive such distributions as creditors, this is not it. Since petitioner did not receive its distribution in payment of a debt, the question of whether Grayson was the debtor-in-fact is irrelevant. The circumstances of the distribution are not the only grounds upon which petitioner's argument must be rejected. As we found in our prior opinion, Grayson adopted its plan of complete liquidation on June 30, 1980, and its assets were distributed between July 21, 1980, and *523 June 3, 1981. However, when Lee Optical filed its petition for reorganization pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. section 1102, et seq. (1982) on October 2, 1981, petitioner was listed as a creditor in the amount of $ 2,437,244.27, which is the amount that petitioner argues was satisfied by Grayson's earlier distribution. Surely had Lee Optical's debt been satisfied by that distribution, petitioner would not have been listed as a creditor of Lee Optical. In accordance with the foregoing, An appropriate order will be entered.
Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩